# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

PARNELL CURTIS,

            Plaintiff,

   v.

BUCKLEY, et al.,

           Defendants.

_____/

CASE NO. 1:06-CV-00230-OWW-LJO-P

FINDINGS AND RECOMMENDATIONS RECOMMENDING DENIAL OF PLAINTIFF'S MOTION FOR A COURT ORDER MANDATING PLAINTIFF BE PROVIDED WITH LAW LIBRARY ACCESS AND FOR FREE COPIES

(Doc. 8)

Plaintiff Parnell Curtis ("plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.  On April 28, 2006, plaintiff filed a motion seeking a court order requiring prison officials provide him with law library access and seeking courtesy copies of his in forma pauperis application, his consent notice, and the instant motion.

With respect to copies, the court cannot provide free photocopy service, even to litigants proceeding pro se.  Copies of plaintiff's filings may be obtained from the Clerk's Office at fifty cents a page.

Regarding plaintiff's motion for court ordered law library access, the purpose of a preliminary injunction is to preserve the status quo if the balance of equities so heavily favors the moving party that justice requires the court to intervene to secure the positions until the merits of the action are ultimately determined.  University of Texas v. Camenisch, 451 U.S. 390, 395 (1981).  A preliminary injunction is available to a plaintiff who "demonstrates either (1) a combination of

1  probable success and the possibility of irreparable harm, or (2) that serious questions are raised and

2  the balance of hardship tips in its favor." <u>Arcamuzi v. Continental Air Lines, Inc.</u>, 819 F. 2d 935,

3  937 (9th Cir. 1987).  Under either approach the plaintiff "must demonstrate a significant threat of

4  irreparable injury." <u>Id</u>.  Also, an injunction should not issue if the plaintiff "shows no chance of

5  success on the merits." <u>Id</u>.  At a bare minimum, the plaintiff "must demonstrate a fair chance of

6  success of the merits, or questions serious enough to require litigation." <u>Id</u>.

7        A preliminary injunction does not serve the purpose of ensuring that plaintiff is able to

8  litigate this action effectively or efficiently.  A federal court is a court of limited jurisdiction.

9  Because of this limited jurisdiction, as a threshold and preliminary matter the court must have before

10  it for consideration a "case" or "controversy." <u>Flast v. Cohen</u>, 392 U.S. 83, 88 (1968).  If the court

11  does not have a "case" or "controversy" before it, it has no power to hear the matter in question.

12  <u>Rivera v. Freeman</u>, 469 F. 2d 1159, 1162-63 (9th Cir. 1972).  The issuance of the order sought by

13  plaintiff in his motion would not remedy any of the claims alleged in this action.[1]  Accordingly, the

14  court lacks jurisdiction to issue such an order.

15        Based on the foregoing, the court HEREBY RECOMMENDS that plaintiff's motion for a

16  court order requiring prison officials provide him with law library access and seeking courtesy

17  copies, filed April 28, 2006, be DENIED.

18        These Findings and Recommendations will be submitted to the United States District Judge

19  assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l).  Within **thirty (30)**

20  **days** after being served with these Findings and Recommendations, plaintiff may file written

21  objections with the court.  The document should be captioned "Objections to Magistrate Judge's

22  Findings and Recommendations."  Plaintiff is advised that failure to file objections within the

23  ///

24  ///

25  ///

26

27        [1] The court has not yet screened plaintiff's complaint.  The court has a heavy case load and will screen
28  plaintiff's complaint in due course.  Although the court has not yet reviewed plaintiff's claims, a court order seeking
law library access to litigate this action unquestionably fails to remedy underlying claims alleged in this action.

specified time may waive the right to appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d

1153 (9th Cir. 1991).


IT IS SO ORDERED.

**Dated:    August 16, 2006**              _____/s/ Lawrence J. O'Neill_____
b9ed48                                     UNITED STATES MAGISTRATE JUDGE