# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PARNELL CURTIS, | CASE NO. 1:06-CV-00230 OWW LJO P |
| Plaintiff, | ORDER DISMISSING COMPLAINT FOR FAILURE TO STATE A CLAIM AND REQUIRING PLAINTIFF TO FILE AN AMENDED COMPLAINT WITHIN THIRTY DAYS |
| v. | |
| BUCKLEY, et al., | |
| Defendants. | (Doc. 1) |

I.  Screening Order

   A.  Screening Requirement

Plaintiff Parnell Curtis ("plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff filed this action on February 28, 2006. Plaintiff is seeking injunctive relief and money damages against defendants Buckley, Blattel, Williams, Cheema, Brandon, Munoz, Lopez, Aspetia, Cortez, Laylock, and Sheppard-Brooks. The events giving rise to plaintiff's claims allegedly occurred at California State Prison-Corcoran, where plaintiff is presently incarcerated.

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall

dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

"Rule 8(a)'s simplified pleading standard applies to all civil actions, with limited exceptions," none of which applies to section 1983 actions. Swierkiewicz v. Sorema N. A., 534 U.S. 506, 512 (2002); Fed. R. Civ. P. 8(a). Pursuant to Rule 8(a), a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a). "Such a statement must simply give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." Swierkiewicz, 534 U.S. at 512. A court may dismiss a complaint only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations. Id. at 514. "'The issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims. Indeed it may appear on the face of the pleadings that a recovery is very remote and unlikely but that is not the test.'" Jackson v. Carey, 353 F.3d 750, 755 (9th Cir. 2003) (quoting Scheuer v. Rhodes, 416 U.S. 232, 236 (1974)); see also Austin v. Terhune, 367 F.3d 1167, 1171 (9th Cir. 2004) ("'Pleadings need suffice only to put the opposing party on notice of the claim . . . .'" (quoting Fontana v. Haskin, 262 F.3d 871, 977 (9th Cir. 2001))). However, "the liberal pleading standard . . . applies only to a plaintiff's factual allegations." Neitze v. Williams, 490 U.S. 319, 330 n.9 (1989). "[A] liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled." Bruns v. Nat'l Credit Union Admin., 122 F.3d 1251, 1257 (9th Cir. 1997) (quoting Ivey v. Bd. of Regents, 673 F.2d 266, 268 (9th Cir. 1982)).

B.     Plaintiff's Claims

Plaintiff alleges that his rights under the First and Fourteenth Amendments of the United States Constitution, and under California negligence law were violated. Plaintiff's claims arise from his numerous attempts to utilize the prison's administrative appeals process, which is initiated by filing an inmate appeal. Pursuant to Title 15 regulations, prison officials are required to respond to appeals within a certain time frame. Cal. Code Regs., tit. 15 § 3084.6. Plaintiff repeatedly handed inmate appeals to correctional staff in sealed, prepaid envelopes for deposit in the United States mail. Plaintiff did not receive any response to his appeals and did not receive any of the mail back.

Plaintiff alleges claims for relief based on interference with his outgoing mail and the failure of prison officials to respond to his appeals, and also asserts that defendants are responsible for the underlying violations complained of in the appeals because he continued to suffer the harm complained by due to defendants' failure to respond to his appeals.

### 1. Claim One - Due Process

Plaintiff alleges his right to due process was violated when his inmate appeals were disregarded and went unanswered. This claim fails as a matter of law.

To state a claim under section 1983, a plaintiff must plead (1) that the defendant acted under color of state law and (2) that the defendant deprived him of rights secured by the Constitution or federal statutes. Gibson v. United States, 781 F.2d 1334, 1338 (9th Cir. 1986). The Due Process Clause protects prisoners from being deprived of liberty without due process of law. Wolff v. McDonnell, 418 U.S. 539, 556 (1974). In order to state a cause of action for deprivation of due process, a plaintiff must first establish the existence of a liberty interest for which the protection is sought. "States may under certain circumstances create liberty interests which are protected by the Due Process Clause." Sandin v. Conner, 515 U.S. 472, 483-84 (1995). Liberty interests created by state law are generally limited to freedom from restraint which "imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." Sandin, 515 U.S. at 484.

"[A prison] grievance procedure is a procedural right only, it does not confer any substantive right upon the inmates." Buckley v. Barlow, 997 F.2d 494, 495 (8th Cir. 1993) (citing Azeez v. DeRobertis, 568 F. Supp. 8, 10 (N.D. Ill. 1982)); see also Ramirez v. Galaza, 334 F.3d 850, 860 (9th Cir. 2003) (no liberty interest in processing of appeals because no entitlement to a specific grievance procedure); Massey v. Helman, 259 F.3d 641, 647 (7th Cir. 2001) (existence of grievance procedure confers no liberty interest on prisoner); Mann v. Adams, 855 F.2d 639, 640 (9th Cir. 1988). "Hence, it does not give rise to a protected liberty interest requiring the procedural protections envisioned by the Fourteenth Amendment." Azeez v. DeRobertis, 568 F. Supp. at 10; Spencer v. Moore, 638 F. Supp. 315, 316 (E.D. Mo. 1986).

Although the failure to respond to plaintiff's inmate appeals may be relevant if a motion to dismiss for failure to exhaust is filed in an action, and may rise to the level of a constitutional

violation if and when the failure to respond results in plaintiff's loss of a legal claim for failure to exhaust, the failure to respond does not give rise to a claim for relief for denial of due process in this action because plaintiff does not have a protected interest in the processing of his appeals. Accordingly, plaintiff fails to state any due process claims based on the failure to respond to his inmate appeals..

### 2. Claim Two - First and Fourteenth Amendments

Plaintiff alleges that his First and Fourteenth Amendment rights were violated when his confidential correspondence was "withheld, disregard[ed], [and] unanswered . . . ." (Comp., pg. 16, lns. 24-25.) As set forth in the preceding paragraph, the failure to respond to plaintiff's inmate appeals does not give rise to a claim for relief under the Due Process Clause of the Fourteenth Amendment.

With respect to the First Amendment, prisoners have "a First Amendment right to send and receive mail." Witherow v. Paff, 52 F.3d 264, 265 (9th Cir. 1995). The Civil Rights Act under which this action was filed provides:

> Every person who, under color of [state law] . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution . . . shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983. The statute plainly requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by plaintiff. See Monell v. Department of Social Services, 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362 (1976). The Ninth Circuit has held that "[a] person 'subjects' another to the deprivation of a constitutional right, within the meaning of section 1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978). In order to state a claim for relief under section 1983, plaintiff must link each named defendant with some affirmative act or omission that demonstrates a violation of plaintiff's federal rights.

In this instance, plaintiff has not alleged any facts supporting a claim that any of the named defendants tampered with or hindered the delivery or receipt of his mail. Plaintiff's allegations that

he handed sealed mail containing inmate appeals to certain defendants but never received a response to the appeals is insufficient to support a claim that the defendants he handed the mail to tampered with it. The complaint is simply devoid of any factual linkages between an act or omission of these defendants and a violation of plaintiff's constitutional rights. Further, the allegations that the defendants to whom the mail was addressed failed to respond does not support a claim that those defendants interfered with his protected right to send and receive mail.

### 3. Claims Three and Four - Negligence

Plaintiff has not stated any negligence claims under state law because he has not alleged compliance with California's Tort Claims Act, which requires that a tort claim against a public entity or its employees be presented to the California Victim Compensation and Government Claims Board, formerly known as the State Board of Control, no more than six months after the cause of action accrues. Cal. Gov't Code §§ 905.2, 910, 911.2, 945.4, 950-950.2 (West 2006). Presentation of a written claim, and action on or rejection of the claim are conditions precedent to suit. State v. Superior Court of Kings County (Bodde), 32 Cal.4th 1234, 1245, 90 P.3d 116, 124, 13 Cal.Rptr.3d 534, 543 (2004); Mangold v. California Pub. Utils. Comm'n, 67 F.3d 1470, 1477 (9th Cir. 1995). To state a tort claim against a public employee, a plaintiff *must* allege compliance with the Tort Claims Act. State v. Superior Court, 32 Cal.4th at 1245, 90 P.3d at 124, 13 Cal.Rptr.3d at 543; Mangold, 67 F.3d at 1477; Karim-Panahi v. Los Angeles Police Dept., 839 F.2d 621, 627 (9th Cir. 1988). This requirement is independent of the requirement set forth in 42 U.S.C. § 1997e(a) mandating exhaustion of the inmate appeals process for federal claims.

In addition, plaintiff's complaint does not contain allegations sufficient to give rise to a claim for relief for negligence. A public employee is liable for injury to a prisoner "proximately caused by his negligent or wrongful act or omission." Cal. Gov't Code § 844.6(d) (West 2006). "In order to establish negligence under California law, a plaintiff must establish four required elements: (1) duty; (2) breach; (3) causation; and (4) damages." Ileto v. Glock Inc., 349 F.3d 1191, 1203 (9th Cir. 2003). Plaintiff alleges which defendants he handed mail to and which defendants were supposed to respond to inmate appeals, but alleges no facts demonstrating that the named defendants were the cause of damage to him through the breach of a duty owed to him.

         4.       Imposition of Liability for Underlying Constitutional Violations

Finally, although plaintiff fails to articulate any other specific claims for relief, plaintiff's allegations suggest that plaintiff may be seeking to impose liability on defendants for the violations he complained of in his inmate appeals, on the basis that the failure to respond to his appeals allowed the violations to continue. Although section 1983 allows for the imposition of liability in some situations in which a defendant did not participate directly in the acts or omissions complained of, Hydrick v. Hunter, No. 03-56712, 2006 WL 2773196, *5-6 (9th Cir. Sept. 28, 2006), plaintiff may not pursue claims for relief based on the assertion that because his appeals were not responded to, the defendants in charge of responding to appeals are responsible for the underlying constitutional violations set forth in the appeals. Section 1983 does not allow for such a tenuous connection between the named defendants and the violation complained of. To the extent that plaintiff's constitutional rights were violated by employees at the prison, as grieved in his inmates appeals, plaintiff must seek redress from those employees whose acts or omissions actually violated his rights.

    C.    Conclusion

The court finds that plaintiff's complaint does not contain any claims upon which relief may be granted under section 1983. Although the federal system is one of notice pleading, plaintiff must allege some facts demonstrating that defendants were personally responsible for a violation of his federal rights. Pure speculation is insufficient. The court will provide plaintiff with the opportunity to file an amended complaint curing the deficiencies identified by the court in this order.

Plaintiff is informed he must demonstrate in his complaint how the conditions complained of have resulted in a deprivation of plaintiff's constitutional rights. See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980). The complaint must allege in specific terms how each named defendant is involved. There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation. Rizzo v. Goode, 423 U.S. 362 (1976); May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

///

1    Finally, plaintiff is advised that Local Rule 15-220 requires that an amended complaint be
2 complete in itself without reference to any prior pleading.  As a general rule, an amended complaint
3 supersedes the original complaint.  See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967).  Once
4 plaintiff files an amended complaint, the original pleading no longer serves any function in the case.
5 Therefore, in an amended complaint, as in an original complaint, each claim and the involvement
6 of each defendant must be sufficiently alleged.
7    Accordingly, based on the foregoing, it is HEREBY ORDERED that:
8    1.    Plaintiff's complaint is dismissed, with leave to amend, for failure to state a claim
9        upon which relief may be granted under section 1983;
10   2.    The Clerk's Office shall send plaintiff a civil rights complaint form;
11   3.    Within **thirty (30) days** from the date of service of this order, plaintiff shall file an
12       amended complaint; and
13   4.    If plaintiff fails to file an amended complaint in compliance with this order, the court
14       will recommend that this action be dismissed, with prejudice, for failure to state a
15       claim upon which relief may be granted.

IT IS SO ORDERED.

**Dated:    October 9, 2006**                /s/ Lawrence J. O'Neill
b9ed48                         UNITED STATES MAGISTRATE JUDGE