# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PARNELL CURTIS,<br><br>　　　　　　Plaintiff,<br><br>　v.<br><br>BUCKLEY, et al.,<br><br>　　　　　　Defendants.<br>_____/ | CASE NO. 1:06-cv-00230-OWW-NEW (DLB) PC<br><br>FINDINGS AND RECOMMENDATIONS RECOMMENDING THIS ACTION PROCEED AGAINST DEFENDANTS ALVEREZ AND MUNOZ FOR RETALIATION, AND ALL OTHER CLAIMS AND DEFENDANTS BE DISMISSED<br><br>(Doc. 18) |

I.　　Screening Order

　　A.　　Screening Requirement

Plaintiff Parnell Curtis ("plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff filed this action on February 28, 2006. On October 10, 2006, the court dismissed plaintiff's complaint, with leave to amend, for failure to state any claims upon which relief may be granted under section 1983. Plaintiff filed an amended complaint on December 29, 2006.

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall

1

dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

"Rule 8(a)'s simplified pleading standard applies to all civil actions, with limited exceptions," none of which applies to section 1983 actions. Swierkiewicz v. Sorema N. A., 534 U.S. 506, 512 (2002); Fed. R. Civ. P. 8(a). Pursuant to Rule 8(a), a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a). "Such a statement must simply give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." Swierkiewicz, 534 U.S. at 512. A court may dismiss a complaint only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations. Id. at 514. "'The issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims. Indeed it may appear on the face of the pleadings that a recovery is very remote and unlikely but that is not the test.'" Jackson v. Carey, 353 F.3d 750, 755 (9th Cir. 2003) (quoting Scheuer v. Rhodes, 416 U.S. 232, 236 (1974)); see also Austin v. Terhune, 367 F.3d 1167, 1171 (9th Cir. 2004) ("'Pleadings need suffice only to put the opposing party on notice of the claim . . . .'" (quoting Fontana v. Haskin, 262 F.3d 871, 977 (9th Cir. 2001))). However, "the liberal pleading standard . . . applies only to a plaintiff's factual allegations." Neitze v. Williams, 490 U.S. 319, 330 n.9 (1989). "[A] liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled." Bruns v. Nat'l Credit Union Admin., 122 F.3d 1251, 1257 (9th Cir. 1997) (quoting Ivey v. Bd. of Regents, 673 F.2d 266, 268 (9th Cir. 1982)).

B.   Plaintiff's Section 1983 Claims

1.   Defendants Alverez and Munoz

Plaintiff alleges that on June 13, 2005, while he was outside in an exercise cage, defendants Alverez and Munoz searched his cell. When plaintiff returned, he was handed a receipt listing the following items as contraband: an altered cable, a radio, a torn state blanket, two sheets, a box, clothes line, and fish line. Plaintiff alleges that defendant Alverez forced him to sign a trust withdrawal slip for $21.50, which was the cost of the blanket, two sheets, and box, by threatening to keep plaintiff in a cage all day. Plaintiff alleges that when he told defendant Alverez that he did

not alter state linens or personal property and was not going to sign for the withdrawal, defendant Alverez told him that is what happens to inmates who rat on officers. Plaintiff alleges defendants' actions give rise to claims for violation of the Fourteenth Amendment, the Eighth Amendment, the Sixth Amendment, the Fifth Amendment, the Fourth Amendment, and the First Amendment.

### a. Fourteenth Amendment Claim

Plaintiff alleges that his right to due process was violated. The Due Process Clause protects prisoners from being deprived of property without due process of law, Wolff v. McDonnell, 418 U.S. 539, 556 (1974), and prisoners have a protected interest in their personal property. Hansen v. May, 502 F.2d 728, 730 (9th Cir. 1974). However, "[a]n unauthorized intentional deprivation of property by a state employee does not constitute a violation of the procedural requirements of the Due Process Clause of the Fourteenth Amendment if a meaningful postdeprivation remedy for the loss is available." Hudson v. Palmer, 468 U.S. 517, 533 (1984). For this reason, plaintiff's allegations do not support a claim under section 1983 for violation of the Due Process Clause.

### b. Eighth Amendment Claim

To constitute cruel and unusual punishment in violation of the Eighth Amendment, prison conditions must involve "the wanton and unnecessary infliction of pain . . . ." Rhodes v. Chapman, 452 U.S. 337, 347 (1981). Although prison conditions may be restrictive and harsh, prison officials must provide prisoners with food, clothing, shelter, sanitation, medical care, and personal safety. Id.; Toussaint v. McCarthy, 801 F.2d 1080, 1107 (9th Cir. 1986); Hoptowit v. Ray, 682 F.2d 1237, 1246 (9th Cir. 1982). Where a prisoner alleges injuries stemming from unsafe conditions of confinement, prison officials may be held liable only if they acted with "deliberate indifference to a substantial risk of serious harm." Frost v. Agnos, 152 F.3d 1124, 1128 (9th Cir. 1998). "[E]xtreme deprivations are required to make out a[n] [Eighth Amendment] conditions-of-confinement claim." Hudson v. McMillian, 503 U.S. 1, 9 (1992) (citation omitted). "Because routine discomfort is part of the penalty that criminal offenders pay for their offenses against society, only those deprivations denying the minimal civilized measure of life's necessities are sufficiently grave to form the basis of an Eighth Amendment violation." Id. (quotations and citations omitted).

///

Plaintiff's claim that defendants' action violated his rights under the Eighth Amendment is frivolous.

### c. Sixth Amendment Claim

The Sixth Amendment pertains to criminal prosecutions.[1] U.S. Const. amend. VI. Plaintiff's claim that defendants' actions violated his Sixth Amendment right to "confront the evidence" against him and to have access to the evidence against him is legally frivolous.

### d. Fifth Amendment Claim

Plaintiff alleges he has a Fifth Amendment right to just compensation.[2] The Takings Clause of the Fifth Amendment prohibits the taking of private property for public use without just compensation. U.S. Const. amend. V. The Clause "limits the government's ability to confiscate property without paying for it," and "is designed to bar Government from forcing some people alone to bear public burdens which, in all fairness and justice, should be borne by the public as a whole." Vance v. Barrett, 345 F.3d 1083, 1089 (9th Cir. 2003) (internal quotations and citation omitted). Plaintiff's personal property was not confiscated by defendants for public purpose and his Takings claim fails as a matter of law. See Kelo v. City of New London, Connecticut, 545 U.S. 469, 477-80, 125 S.Ct. 2655, 2661-663 (2005).

### e. Fourth Amendment Claim

An inmate has no "reasonable expectation of privacy in his prison cell entitling him to the protection of the Fourth Amendment against unreasonable searches and seizures." Hudson v. Palmer, 468 U.S. 517, 536 (1984). Plaintiff's claim that defendants violated his right to be free from unreasonable searches and seizures is without merit.

### f. First Amendment Claim

Allegations of retaliation against a prisoner's First Amendment rights to speech or to petition the government may support a section 1983 claim. Rizzo v. Dawson, 778 F.2d 527, 532 (9th Cir.

---

[1] The Sixth Amendment applies to states via incorporation by the Fourteenth Amendment. Fowler v. Sacramento County Sheriff's Dept., 421 F.3d 1027, 1035 (9th Cir. 2005).

[2] The Fifth Amendment applies to states via incorporation by the Fourteenth Amendment. Vance v. Barrett, 345 F.3d 1083, 1088 n.4 (9th Cir. 2003).

1985); see also Valandingham v. Bojorquez, 866 F.2d 1135 (9th Cir. 1989); Pratt v. Rowland, 65 F.3d 802, 807 (9th Cir. 1995). "Within the prison context, a viable claim of First Amendment retaliation entails five basic elements: (1) An assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal." Rhodes v. Robinson, 408 F.3d 559, 567-68 (9th Cir. 2005).

Plaintiff's allegations that defendants Alverez and Munoz confiscated and destroyed his personal property, and charged him for the destruction of state property in retaliation against him for being a witness against Correctional Officer Robles in a matter relating to an assault on another inmate, and for submitting complaints against Officers Elze, Luna, Williams, Blattel, Brandon, and Cheema are sufficient to give rise to a claim for relief under section 1983 for retaliation.

### 2. Defendants Fujioka, Salinas, Buckley, and Sheppard-Brooks

Plaintiff alleges that on June 30, 2005, he submitted an inmate appeal grieving the conduct of defendants Alverez and Munoz. Plaintiff alleges that approximately one-hundred seventy-two days later, defendant Salinas granted plaintiff a personal interview at the formal first level of review. Plaintiff alleges that defendant Salinas partially granted his appeal and agreed to replace plaintiff's radio. However, because plaintiff already had a television and was not allowed to have two appliances in the Security Housing Unit, plaintiff was required to mail the radio home. Plaintiff alleges that as an indigent inmate, he did not have any funds to mail the radio home and thirty-eight days later, he received notice from defendant Fujioka that the radio had been destroyed. Plaintiff alleges that through no fault of his own, he has been unable to obtain second and third level reviews of his appeal. Defendant Buckley is the appeals coordinator at CSP-Corcoran, and defendant Sheppard-Brooks is the Chief Deputy Warden at CSP-Corcoran. Plaintiff alleges defendants' actions give rise to claims for violation of the Fourteenth Amendment, the Eighth Amendment, the Sixth Amendment, the Fifth Amendment, and the First Amendment.

#### a. Fourteenth Amendment Claim

To state a claim under section 1983, a plaintiff must allege that (1) the defendant acted under color of state law and (2) the defendant deprived him of rights secured by the Constitution or federal

5

1  law.  Long v. County of Los Angeles, 442 F.3d 1178, 1185 (9th Cir. 2006).  As plaintiff was
2  previously advised by the court in its order of October 10, 2006, "[a prison] grievance procedure is
3  a procedural right only, it does not confer any substantive right upon the inmates." Buckley v.
4  Barlow, 997 F.2d 494, 495 (8th Cir. 1993) (citing Azeez v. DeRobertis, 568 F. Supp. 8, 10 (N.D. Ill.
5  1982)); see also Ramirez v. Galaza, 334 F.3d 850, 860 (9th Cir. 2003) (no liberty interest in
6  processing of appeals because no entitlement to a specific grievance procedure); Massey v. Helman,
7  259 F.3d 641, 647 (7th Cir. 2001) (existence of grievance procedure confers no liberty interest on
8  prisoner); Mann v. Adams, 855 F.2d 639, 640 (9th Cir. 1988).  "Hence, it does not give rise to a
9  protected liberty interest requiring the procedural protections envisioned by the Fourteenth
10 Amendment." Azeez v. DeRobertis, 568 F. Supp. at 10; Spencer v. Moore, 638 F. Supp. 315, 316
11 (E.D. Mo. 1986).
12         Plaintiff's allegations do not give rise to a claim for relief under section 1983 against
13 defendants Fujioka, Salinas, Buckley, and Sheppard-Brooks for violation of the Due Process Clause.
14                b.      Eighth Amendment Claim
15         Plaintiff's claim that defendants Fujioka, Salinas, Buckley, and Sheppard-Brooks violated
16 the Cruel and Unusual Punishments Clause of the Eighth Amendment is frivolous. Rhodes, 452 U.S.
17 at 347.
18                c.      Sixth Amendment Claim
19         Plaintiff's claim that defendants Fujioka, Salinas, Buckley, and Sheppard-Brooks violated
20 the Sixth Amendment is frivolous.
21                d.      Fifth Amendment Claim
22         Plaintiff's claim that defendants Fujioka, Salinas, Buckley, and Sheppard-Brooks violated
23 the Takings Clause of the Fifth Amendment is frivolous. Vance, 345 F.3d at 1089.
24                e.      First Amendment Claim
25         Finally, plaintiff has not alleged any facts which support a claim that defendants Fujioka,
26 Salinas, Buckley, and Sheppard-Brooks retaliated against him for the exercise of a protected First
27 Amendment right. Rhodes, 408 F.3d at 567-68.
28 ///

3.     Claims for Equitable Relief

In addition to money damages, plaintiff seeks declaratory and injunctive relief. "A declaratory judgment, like other forms of equitable relief, should be granted only as a matter of judicial discretion, exercised in the public interest." Eccles v. Peoples Bank of Lakewood Village, 333 U.S. 426, 431 (1948). "Declaratory relief should be denied when it will neither serve a useful purpose in clarifying and settling the legal relations in issue nor terminate the proceedings and afford relief from the uncertainty and controversy faced by the parties." United States v. Washington, 759 F.2d 1353, 1357 (9th Cir. 1985). In the event that this action reaches trial and the jury returns a verdict in favor of plaintiff, that verdict will be a finding that plaintiff's constitutional rights were violated. Accordingly, a declaration that defendants violated plaintiff's rights is unnecessary.

With respect to injunctive relief, "those who seek to invoke the jurisdiction of the federal courts must satisfy the threshold requirement imposed by Article III of the Constitution by alleging an actual case or controversy." City of Los Angeles v. Lyons, 461 U.S. 95, 101, 103 S.Ct. 1660, 1665 (1983) (citations omitted); Jones v. City of Los Angeles, 444 F.3d 1118, 1126 (9th Cir. 2006). "Abstract injury is not enough." Lyons, 461 U.S. at 101, 103 S.Ct. at 1665. "[P]laintiff must show that he has sustained or is immediately in danger of sustaining some direct injury as the result of the challenged official conduct and the injury or threat of injury must be both real and immediate, not conjectural or hypothetical." Id. (internal quotations and citations omitted). "The key issue is whether the plaintiff is 'likely to suffer future injury.'" Jones, 444 F.3d at 1126 (quoting Lyons at 105, 1667). When a government agency is involved, it must "be granted 'the widest latitude in the dispatch of its own internal affairs,'" Gomez v. Vernon, 255 F.3d 1118, 1128 (9th Cir. 2001) (quoting Rizzo v. Goode, 423 U.S. 362, 378-79, 96 S.Ct. 598, 608 (1976)), and "[w]hen a state agency is involved, these considerations are, in anything, strengthened because of federalism concerns," Gomez, 255 F.3d at 1128. "[A]ny injunctive relief awarded must avoid unnecessary disruption to the state agency's 'normal course of proceeding.'" Id. at 1128 (quoting O'Shea v. Littleton, 414 U.S. 488, 501, 94 S.Ct. 669, 679 (1974)).

In addition, any award of equitable relief is governed by the Prison Litigation Reform Act, which provides in relevant part, "Prospective relief in any civil action with respect to prison

7

conditions shall extend no further than necessary to correct the violation of the Federal right of a particular plaintiff or plaintiffs. The court shall not grant or approve any prospective relief unless the court finds that such relief is narrowly drawn, extends no further than necessary to correct the violation of the Federal right, and is the least intrusive means necessary to correct the violation of the Federal right." 18 U.S.C. § 3626(a)(1)(A).

The undersigned found that plaintiff states a cognizable retaliation claim against defendants Alverez and Munoz based on the confiscation and destruction of his personal property, and assessment of a charge for destruction of state property, arising from an incident which occurred on June 13, 2005. In the event this Findings and Recommendations is adopted, there will be an actual case or controversy before this court with respect to a claim for money damages arising out of the past violation of plaintiff's First Amendment rights. However, equitable remedies are "unavailable absent a showing of irreparable injury, a requirement that cannot be met where there is no showing of any real or immediate threat that the plaintiff will be wronged again - a 'likelihood of substantial and immediate irreparable injury.'" Lyons at 111, 1670 (quoting O'Shea, 414 U.S. at 502, 94 S.Ct. at 679). In this instance, it is the past conduct of defendants which gives rise to plaintiff's claim for relief, and should plaintiff prevail, plaintiff's injury will not go unrecompensed because plaintiff has an adequate remedy at law. Id. Plaintiff is not entitled to equitable relief in this action for defendants' past conduct. Therefore, plaintiff's claims for equitable relief are not cognizable and this action should proceed as one for money damages only.

D.  Conclusion

Plaintiff's amended complaint states a claim upon which relief may be granted under section 1983 against defendants Alverez and Munoz for retaliating against plaintiff, in violation of the First Amendment. However, plaintiff's amended complaint does not state any other claims for relief under section 1983. Based on the nature of the deficiencies in plaintiff's claims, the court does not recommend that plaintiff be granted a second opportunity to amend. Lopez v. Smith, 203 F.3d 1122, 1130 (9th Cir. 2000).

///

///

Based on the foregoing, the court HEREBY RECOMMENDS that:

1. This action proceed on plaintiff's amended complaint, filed December 29, 2006, against defendants Alverez and Munoz for retaliating against plaintiff, in violation of the First Amendment;

2. Plaintiff's Fourteenth, Eighth, Sixth, Fifth, and Fourth Amendment claims, and plaintiff's First Amendment claim against defendants Fujioka, Salinas, Buckley, and Sheppard-Brooks be dismissed, with prejudice, for failure to state a claim upon which relief may be granted under section 1983;

3. Plaintiff's claims for equitable relief be dismissed for failure to state a claim; and

4. Defendants Fujioka, Salinas, Buckley, and Sheppard-Brooks be dismissed from this action based on plaintiff's failure to state any claims upon which relief may be granted against them under section 1983.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within **thirty (30) days** after being served with these Findings and Recommendations, plaintiff may file written objections with the court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   **May 8, 2007**            /s/ **Dennis L. Beck**
                                   UNITED STATES MAGISTRATE JUDGE