# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PARNELL CURTIS,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>BUCKLEY, et al.,<br><br>　　　　　Defendants.<br>_____/ | CASE NO. 1:06-cv-00230-OWW-GSA PC<br><br>FINDINGS AND RECOMMENDATIONS RECOMMENDING DEFENDANTS' MOTION TO DISMISS FOR FAILURE TO EXHAUST BE DENIED, WITHOUT PREJUDICE<br><br>(Doc. 34)<br><br>OBJECTIONS DUE WITHIN THIRTY DAYS |

**Findings and Recommendations on Defendants' Motion to Dismiss**

**I.      Procedural History**

Plaintiff Parnell Curtis ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff filed this action on February 28, 2006, and it is proceeding on Plaintiff's amended complaint, filed December 29, 2006, against Defendants Alverez and Munoz for retaliation, in violation of the First Amendment. On February 4, 2008, Defendants filed a motion to dismiss for failure to exhaust the available administrative remedies. (Doc. 34.) On March 17, 2008, Plaintiff was granted sixty days within which to file his opposition.[1] However, for the reasons set forth below, the Court finds that Defendants are not entitled to dismissal because they have not met their initial burden. Therefore, there is no prejudice to Plaintiff in addressing the motion prior to receipt of his opposition.

---

[1] Plaintiff was provided with notice of the requirements for opposing an unenumerated Rule 12(b) motion on October 5, 2007. Wyatt v. Terhune, 315 F.3d 1108, 1120 n.14 (9th Cir. 2003). (Doc. 27.)

## II. Exhaustion Requirement

Pursuant to the Prison Litigation Reform Act of 1995, "[n]o action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). Prisoners are required to exhaust the available administrative remedies prior to filing suit. Jones v. Bock, 127 S.Ct. 910, 918-19 (2007); McKinney v. Carey, 311 F.3d 1198, 1199-1201 (9th Cir. 2002). Exhaustion is required regardless of the relief sought by the prisoner and regardless of the relief offered by the process, Booth v. Churner, 532 U.S. 731, 741, 121 S.Ct. 1819 (2001), and the exhaustion requirement applies to all prisoner suits relating to prison life, Porter v. Nussle, 435 U.S. 516, 532, 122 S.Ct. 983 (2002).

Section 1997e(a) does not impose a pleading requirement, but rather, is an affirmative defense under which Defendants have the burden of raising and proving the absence of exhaustion. Jones v. Bock, 127 S.Ct. 910, 921 (2007); Wyatt v. Terhune, 315 F.3d 1108, 1119 (9th Cir. 2003). The failure to exhaust nonjudicial administrative remedies that are not jurisdictional is subject to an unenumerated Rule 12(b) motion, rather than a summary judgment motion. Wyatt, 315 F.3d at 1119 (citing Ritza v. Int'l Longshoremen's & Warehousemen's Union, 837 F.2d 365, 368 (9th Cir. 1998) (per curium)). In deciding a motion to dismiss for failure to exhaust administrative remedies, the Court may look beyond the pleadings and decide disputed issues of fact. Wyatt, 315 F.3d at 1119-20. If the Court concludes that the prisoner has failed to exhaust administrative remedies, the proper remedy is dismissal without prejudice. Id.

## III. Defendants' Motion

The California Department of Corrections and Rehabilitation has an administrative grievance system for prisoner complaints. Cal. Code Regs., tit. 15 § 3084.1 (2008). The process is initiated by submitting a CDC Form 602. Id. at § 3084.2(a). Four levels of appeal are involved, including the informal level, first formal level, second formal level, and third formal level, also known as the "Director's Level." Id. at § 3084.5. Appeals must be submitted within fifteen working days of the event being appealed, and the process is initiated by submission of the appeal to the informal level, or in some circumstances, the first formal level. Id. at §§ 3084.5, 3084.6(c). In order to satisfy

section 1997e(a), California state prisoners are required to use the available process to exhaust their claims prior to filing suit. Woodford v. Ngo, 548 U.S. 81, 126 S.Ct. 2378, 2383 (2006); McKinney, 311 F.3d at 1199-1201.

Defendants move for dismissal of this action on the ground that although Plaintiff filed an appeal regarding the claim at issue in this action, he did not pursue it to the third and final level of review. Defendants submit evidence that Plaintiff filed the appeal on June 13, 2005. (Doc. 34, Jones Dec., ¶4.) It was granted in part at the first level of review on February 23, 2006, and granted in part at the second level of review on April 19, 2006. (Id.) Following the second level response, Plaintiff failed to submit the appeal to the third level of review. (Doc. 35, Grannis Dec., ¶5.) Defendants argue that because Plaintiff failed to follow the applicable procedural rules, he failed to exhaust.

"Proper exhaustion[, which] demands compliance with an agency's deadlines and other critical procedural rules . . . ." is required, Woodford v. Ngo, 548 U.S. 81, 126 S.Ct. 2378, 2386 (2006), and may not be satisfied "by filing an untimely or otherwise procedurally defective . . . appeal," Woodford, 126 S.Ct. at 2382. However, the regulations apply with equal weight to prison officials. Pursuant to the applicable regulation, a first level response to Plaintiff's appeal was due within thirty working days. Tit. 15, § 3084.6(b)(2). More than eight months later, the response was finally issued on February 23, 2006, one day *after* Plaintiff brought suit.[2] In the absence of evidence that prison officials complied with the applicable regulation by notifying Plaintiff in writing of the delay and of the estimated completion date, tit. 15, § 3084.6(c), Defendants have not met their burden and are not entitled to dismissal for failure to exhaust. Kaba v. Stepp, 458 F.3d 678, 684 (7th Cir. 2006) ("Prison officials may not take unfair advantage of the exhaustion requirement, [] and a remedy becomes 'unavailable' if prison employees do not respond to a properly filed grievance or otherwise use affirmative misconduct to prevent a prisoner from exhausting." (quoting Dole v. Chandler, 438 F.3d 804, 809 (7th Cir. 2006))); Abney v. McGinnis, 380 F.3d 663, 667 (2d 2004) (inability to utilize inmate appeals process due to prison officials' conduct or the failure of prison officials to timely advance appeal may justify failure to exhaust); Boyd v. Corrections Corp. of

---

[2] Plaintiff's complaint was dated and served by mail on February 22, 2006, a day before the decision was issued. Further, Plaintiff alleges that when he filed suit, he was still awaiting the first level decision.

1  America, 380 F.3d 989, 996 (6th Cir. 2004) (administrative remedies are exhausted when prison officials fail to timely respond to properly filed grievance); Jernigan v. Stuchell, 304 F.3d 1030, 1032 (10th Cir. 2002) (the failure to respond to a grievance within the policy time limits renders remedy unavailable); Lewis v. Washington, 300 F.3d 829, 833 (7th Cir. 2002) (when prison officials fail to respond, the remedy becomes unavailable, and exhaustion occurs); Foulk v. Charrier, 262 F.3d 687, 698 (8th Cir. 2001) (district court did not err when it declined to dismiss claim for failure to exhaust where prison failed to respond to grievance); Powe v. Ennis, 177 F.3d 393, 394 (5th Cir. 1999) (when a valid grievance has been filed and the state's time for responding has expired, the remedies are deemed exhausted); Underwood v. Wilson, 151 F.3d 292, 295 (5th Cir. 1998) (when time limit for prison's response has expired, the remedies are exhausted).  Accordingly, the Court shall recommend denial of Defendants' motion, without prejudice.

## IV.    Conclusion and Recommendation

In light of prison officials' apparent failure to comply with Title 15 time constraints, Defendants have not met their burden of demonstrating that Plaintiff failed to exhaust. Accordingly, the Court HEREBY RECOMMENDS that

1. Defendants' motion to dismiss, filed February 4, 2008, be DENIED, without prejudice; and

2. Defendants be ordered to file an answer or a responsive motion within thirty days of the date the district court issues its ruling.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l).  Within **thirty (30) days** after being served with these Findings and Recommendations, the parties may file written objections with the Court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

   **Dated:**  **May 1, 2008**           /s/ **Gary S. Austin**
                                          UNITED STATES MAGISTRATE JUDGE