IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| Parnell Curtis, | ) | No. 06-CV-00230-SMM |
| Plaintiff, | ) | **ORDER** |
| vs. | ) | |
| Buckley, et al., | ) | |
| Defendants. | ) | |

Before the Court is Plaintiff's Motion for Declaratory Relief (Dkt. 47), which the Court construes as a Motion for Preliminary Injunction. In Plaintiff's motion filed on January 26, 2009, Plaintiff stated that he sought declaratory relief. A party seeking declaratory relief must show an actual controversy and satisfy all jurisdictional requirements. Gov't Employees Ins. Co. v. Dizol, 133 F.3d 1220, 1222 (9th Cir. 1998). However, in his motion, Plaintiff actually seeks a preliminary injunction. Because Plaintiff is a pro se litigant, the Court must construe his motion as one for injunctive relief. Bernhardt v. Los Angeles County, 339 F.3d 920, 925 (9th Cir. 2003).

## BACKGROUND

Defendants Alverez and Munoz are correctional officers at the California State Prison Corcoran. (Dkt. 18, Am. Compl. 2.) Defendants are responsible for enforcing laws, regulations, and procedures which govern the activities of prisoners. (Id. at 2.) Plaintiff alleges that on June 13, 2005, Defendant Alverez handed him a receipt for a cell search and

removed property. (Id. at 4.) Plaintiff argues that Alverez threatened to keep him in the cage all day if he did not sign the receipt, which stated that Plaintiff destroyed some state issued property. (Id. at 4.) Plaintiff argues that when he refused to sign the receipt, Alverez then stated "that's what happens to inmates who rat on officers, saying they've seen an assault on an inmate." (Id. at 5.) To avoid further confrontation, Plaintiff signed the receipt. (Id. at 5.) Plaintiff brought this Amended Complaint and presented several claims for relief against multiple defendants under 42 U.S.C. § 1983. In May 2007, pursuant to 28 U.S.C. § 1915(A), a magistrate judge screened the order and sent the suggested Findings and Recommendations to the District Court. (Dkt. 20, R&R 9.) In August 2007, the District Court adopted the Findings and Recommendations in full. (Dkt. 24, Order Adopting R&R 1.) Only Plaintiff's First Amendment retaliation claim against Defendants Alverez and Munoz remains. On November 24, 2008, this case was reassigned from the Eastern District of California to the undersigned judge. (Dkt. 46.) Plaintiff now moves for preliminary injunctive relief for his retaliation claim against Defendants Alverez and Munoz.

**STANDARD OF REVIEW**

The purpose of a preliminary injunction is to preserve the relative positions of the parties - the status quo - until a full trial on the merits can be conducted. See Univ. of Tex. v. Camenisch, 451 U.S. 390, 395 (1981). In the Ninth Circuit, two interrelated tests exist for determining the propriety of the issuance of a preliminary injunction. The moving party carries the burden of proof on each element of either test. L.A. Mem'l Coliseum Comm'n v. Nat'l Football League, 634 F.2d 1197, 1203 (9th Cir. 1980). Under the first "traditional" test, the court may not issue a preliminary injunction unless each of the following requirements is satisfied: (1) the moving party has demonstrated a likelihood of success on the merits, (2) the moving party will suffer irreparable injury and has no adequate remedy at law if injunctive relief is not granted, (3) in balancing the equities, the non-moving party will not be harmed more than the moving party is helped by the injunction, and (4) granting the injunction is in the public interest. Martin v. Int'l Olympic Comm., 740 F.2d 670, 674-675 (9th Cir. 1984).

1  Under the second "alternative" test, the court may not issue a preliminary injunction 2 unless the moving party demonstrates either "probable success on the merits and irreparable 3 injury . . . or . . . sufficiently serious questions going to the merits to make the case a fair 4 ground for litigation and a balance of hardships tipping decidedly in favor of the party 5 requesting relief." Topanga Press Inc. v. City of Los Angeles, 989 F.2d 1524, 1528 (9th Cir. 6 1993).  The Ninth Circuit has explained that the two parts of the alternative test are not 7 separate and unrelated, but are "extremes of a single continuum." Benda v. Grand Lodge of 8 Int'l Ass'n of Machinists, 584 F.2d 308, 315 (9th Cir. 1978).

## DISCUSSION

Plaintiff seeks relief in the form of a order compelling Defendants to perform their existing duties under the United States Constitution. (Mot. for Declaratory Relief 2.) Furthermore, Plaintiff requests that this Court order Defendants return his property under all circumstances that do not present safety and security threats. Plaintiff also requests that this Court order Defendants not to retaliate against him for pursuing legal actions. (Id. at 3.) As stated earlier, Plaintiff must show four factors: 1) that he is likely to succeed on the merits, 2) that he is likely to suffer irreparable harm in the absence of preliminary relief, 3) that the balance of equities tips in his favor, and 4) that an injunction is in the public interest. Winter v. Natural Res. Def. Council, Inc., 129 S.Ct. 365, 374 (2008).

**I. Success on the Merits**

Within the prison context, a First Amendment retaliation claim has five elements: (1) an assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal. Rhodes v. Robinson, 408 F.3d 559, 567-68 (9th Cir. 2005).  In order for Plaintiff to be successful, he must show that Defendants Alverez and Munoz took adverse action by wrongfully charging him with the destruction of state property because he was a witness against another officer in a prisoner assault case.  Plaintiff must also show that

1 Defendants chilled his First Amendment rights. Furthermore, Plaintiff must show that
2 Defendants' actions did not reasonably advance any legitimate correctional goal.

3 In this case, Plaintiff alleged that Defendants charged him with the destruction of state
4 property, but he has not shown that they did so wrongfully or in retaliation for him being a
5 witness. Moreover, he has produced no documents, statements, or any other kind of evidence
6 to support his claim that Defendants chilled his First Amendment rights or that Defendants'
7 actions did not reasonably advance any legitimate correctional goal. Because Plaintiff has
8 not produced any evidence demonstrating his likelihood of success on the merits, Plaintiff's
9 motion should not be granted.

## II. Irreparable Harm or Injury

11 Plaintiff's failure to establish a likelihood of success on the merits alone precludes
12 issuance of a preliminary injunction, but the Court will consider whether Plaintiff has
13 established the existence of irreparable harm. See MMJK, Inc. v. Ultimate Blackjack Tour
14 LLC, 513 F. Supp. 2d 1150, 1156 (N.D. Cal. 2007). Plaintiff must do more than allege
15 imminent harm to obtain preliminary injunctive relief; he must demonstrate immediate
16 threatened injury. L.A. Mem'l. Coliseum Comm'n, 634 F.2d at 1201.

17 In his amended complaint, Plaintiff alleges that he is at risk from suffering repeated
18 and future atypical hardships, severe physical injury, and psychological and emotional pain
19 and suffering unless the Court grants his preliminary injunction. (Am. Compl. 15.) However,
20 Plaintiff has not presented any evidence or facts that he would indeed suffer any future
21 atypical hardships, severe physical injury, or psychological and emotional pain and suffering.
22 He has not produced any medical records of his physical injuries, such as doctor's exams or
23 diagnoses. Neither has he produced any evidence of his psychological and emotional pain,
24 such as psychological evaluations or recommendations. As Plaintiff has not produced any
25 evidence demonstrating that he will suffer irreparable harm or injury if the preliminary
26 injunction is not granted, his motion should not be granted.

27 Plaintiff cannot meet the burden of proof under the alternative test either. As noted,
28 under the alternative test, the balance of hardships and the probability of success on the

1  merits are "the outer reaches of a single continuum." Lopez v. Heckler, 713 F.2d 1432, 1435
2  (9th Cir. 1983) (citation and internal quotation omitted).  "If the balance of hardships tips
3  decidedly toward the plaintiff, then he need not show as robust a likelihood of success on the
4  merits as when the balance tips less decidedly." Benda, 584 F.2d at 315.  Here, Plaintiff
5  needed to show a high probability of irreparable harm or injury because he could not show
6  that he would be likely to succeed on the merits.  He failed to do so, therefore his motion
7  should be denied.

## III.  The Balance of Equities & The Public Interest

9  Courts have analyzed the balance of equities and the public interest together. See
10 Winter, 129 S.Ct. at 378; see also Am. Trucking Assn's, Inc. v. City of Los Angeles, 559
11 F.3d 1046, 1059-60 (9th Cir. 2009).  The court must consider whether its "exercise of
12 equitable discretion . . . heel[s] to the identified violation and respect[s] the interests of state
13 and local authorities in managing their own affairs, consistent with the Constitution."
14 Gilmore v. People of the State of California, 220 F.3d 987, 1005 (9th Cir. 2000) (quotations
15 omitted).  When a state agency is involved, these considerations are strengthened because
16 of federalism concerns.  See O'Shea v. Littleton, 414 U.S. 488, 499 (1974).  Any injunctive
17 relief awarded must avoid unnecessary disruption to the state agency's normal course of
18 proceedings. See O'Shea v. Littleton, 414 U.S. 488 (1974).

19 As noted, relief is not appropriate because Plaintiff has not presented any evidence
20 that Defendants in this case have engaged or will engage in any retaliatory conduct. Plaintiff
21 argues that if the injunctive relief is not granted, then he will suffer from atypical hardships
22 and severe physical, psychological, and emotional pain. However, as noted, Plaintiff has not
23 shown that he will suffer a real or immediate threat of harm. With regards to how the scope
24 of the relief should be tailored, Plaintiff requests that the Court take an active role in
25 enforcing the California Department of Corrections and Rehabilitation (CDCR) rules and
26 regulations regarding a correctional officer's behavior toward inmates. (Am. Compl. 23.)
27 Plaintiff has alleged that only two correctional officers violated his rights, yet he asks the
28 Court to enforce CDCR rules throughout the prison system and for every correctional officer.

Thus, the Court would unnecessarily interfere with the state's managing of its own affairs and disrupt its normal course of proceedings. See O'Shea, 414 at 501. Moreover, other than his own statements, Plaintiff has not produced any evidence showing that Defendants acted in a retaliatory manner, so it would not be in the public's interest to enforce the preliminary injunction. Because the balance of equities does not tip in Plaintiff's favor and the granting of the motion would not be in the public's interest, the Court should deny the motion for injunctive relief.

**CONCLUSION**

For his First Amendment claim against Defendants Alverez and Munoz, Plaintiff cannot show that he will succeed on the merits, he is likely to suffer irreparable or imminent harm, the balance of equities tips in his favor, or the injunction is in the public interest. The public interest lies with the state in this case because of the latitude of discretion afforded to them. Furthermore, the preliminary injunctive relief that Plaintiff seeks is what he would obtain after a successful full trial on the merits, and thus, the granting of such relief at this time would not preserve the status quo. See Univ. of Tex., 451 U.S. at 395.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Motion for Declaratory Relief (Dkt. 47), which the Court construes as a Motion for Preliminary Injunction, is **DENIED**.

DATED this 5th day of August, 2009.

_____
Stephen M. McNamee
United States District Judge