IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Parnell Curtis,<br><br>              Plaintiff,<br><br>vs.<br><br>Buckley, et al.,<br><br>              Defendants. | No. 1:06-CV-00230-SMM<br><br>**ORDER** |

Before the Court is Plaintiff Parnell Curtis's Motion for Appointment of Counsel (Doc 87).  Plaintiff does not have a constitutional right to appointed counsel in this action, Rand v. Rowland, 113 F.3d 1520, 1525 (9th Cir. 1997), and the court cannot require an attorney to represent Plaintiff pursuant to 28 U.S.C. § 1915(e)(1).  Mallard v. United States District Court for the Southern District of Iowa, 490 U.S. 296, 298, 109 S.Ct. 1814, 1816 (1989).  However, in certain exceptional circumstances the court may, at its discretion, request the voluntary assistance of counsel pursuant to section 1915(e)(1).  Rand, 113 F.3d at 1525.

Without a reasonable method of securing and compensating counsel, the court will seek volunteer counsel only in the most serious and exceptional cases.  In determining whether "exceptional circumstances exist, the district court must evaluate both the likelihood of success of the merits [and] the ability of the [plaintiff] to articulate his claims *pro se* in light of the complexity of the legal issues involved."  Id. (internal

1  quotation marks and citations omitted).  Neither of these factors is dispositive and both
2  must be viewed together before reaching a decision.  Wilborn v. Escalderon, 789 F.2d
3  1328, 1331 (9th Cir. 1986).

4     In the present case, the court does not find the required exceptional circumstances.
5  In his motion, Plaintiff makes no argument that he has the "requisite likelihood of
6  success" on the merits.  Rand, 113 F.3d at 1525.  In fact, there is substantial evidence that
7  he will not succeed.  Serious questions exist regarding whether Curtis can show that the
8  officers acted in retaliation for his protected activity and that the search and deprivation of
9  property were not undertaken to "reasonably advance a legitimate correctional goal."  See
10 Rhodes v. Robinson, 408 F.3d 559, 567-68 (9th Cir. 2005) (discussing the required
11 elements of a retaliation claim in the prison context).

12    Furthermore, Plaintiff has shown himself capable of articulating his claims *pro se*
13 in light of the complexity of the legal issues involved.  The issues of this case are not
14 particularly complex.  A retaliation claim requires that a plaintiff show specific elements
15 that are readily ascertainable in case law.  Plaintiff has demonstrated sufficient writing
16 ability and legal knowledge to adequately research and articulate these claims.  Cf. Terrell
17 v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991).

18    Plaintiff argues that he needs appointed counsel because he suffers from
19 Post-Traumatic Stress Disorder, severe manic depression, and anxiety (Doc. 87, pg. 2).
20 These mental disorders afflict him with mood swings, poor judgment, racing thoughts,
21 fatigue, loss of interest, loss of concentration, suicidal thoughts, and disorganized
22 thinking (id.).  Plaintiff has recently had need for mental care.  On July 26, 2010, Plaintiff
23 was admitted to an outpatient hospital unit for serious mental health needs (Doc. 87, pg
24 2).  On August 1, 2010, he was transferred to a mental health crisis bed and was
25 diagnosed as needing a higher level of mental health care (id. at 3).

26    Generally, a plaintiff that shows at least some ability to articulate his claims is not
27 entitled to appointment of counsel, regardless of whether he has mental and physical
28 health problems or is incarcerated.  See, e.g., Warren v. Harrison, 244 Fed. Appx. 831,

1  832 (9th Cir. 2007) (holding that an inmate plaintiff who had alleged mental illness did
2  not qualify for appointment of counsel because he competently presented his claims and
3  attached three pertinent exhibits); <u>Miller v. McDaniel</u>, 124 Fed. Appx. 488, 490 (9th Cir.
4  2005) (holding that an inmate plaintiff with mental health problems was not entitled to
5  appointment of counsel because he demonstrated an ability to articulate his claims pro
6  se); <u>Palmer v. Valdez</u>, 560 F.3d 965, 970 (2009) (holding that an inmate plaintiff who
7  was suffering pain from a surgery and had limited access to legal documents did not
8  require appointment of counsel because he did a good job presenting his case, was well
9  organized, made clear points, and presented evidence effectively).  In spite of Plaintiff's
10 mental health issues, he has shown an ability to articulate his claims.  Plaintiff has
11 proceeded with his case *pro se* for more than four years, consistently proving his ability to
12 articulate his claims in writing.  Plaintiff's Motion for Appointment of Counsel (Doc. 87)
13 was coherent, and adequately discussed his arguments.  In addition, Plaintiff attached
14 several exhibits to his Motion for Appointment of Counsel in order to provide evidence
15 for statements made in the motion (Docs. 88-89).  Both the motion and the exhibits were
16 filed after Plaintiff's recent mental health crisis.
17     At this time, Plaintiff has not shown a likelihood of success on the merits of the
18 case.  Furthermore, Plaintiff has shown that he is able to articulate his claims *pro se* in
19 spite of his mental health issues.  Therefore, Plaintiff's request for appointment of counsel
20 is denied.
21     **IT IS HEREBY ORDERED** that Plaintiff's Motion for the Appointment of
22 Counsel (Doc. 87) is **DENIED** without prejudice.
23     DATED this 15th day of November, 2010.

Stephen M. McNamee
United States District Judge